[S. F. No. 1120. In Bank.—January 13, 1899.]

ANNIE O'DONNELL, Petitioner, v. CHARLES W. SLACK, Judge of Superior Court of City and County of San Francisco, Respondent.

ESTATES OF DECEASED PERSONS—DISPOSITION OF BODY OF DECEDENT—JURISDICTION OF COURT.—If a decedent makes a testamentary disposition of his body, the court in probate and his personal representative have jurisdiction to execute the will in that regard; but if the will is silent the court has no power to dispose of

the remains, or to fix the place of the interment, or to commit the interment to a stranger; but the right to dispose of the body for interment in such case belongs to the widow, or next of kin of the decedent.

Id.—Foreign Interment—Rights of Widow—Order Committing Interment to Stranger—Certiorari.—After the court had made an order directing the payment to the widow of a decedent by his executors of a specific sum to defray the expense of removal of the body and interment thereof in Ireland by her, in accordance with the last wish verbally expressed by the decedent, and had settled the final account of the executor showing such payment to the widow, it had no jurisdiction, without the consent of the widow, to change the order, and to commit the interment of the body in Ireland to a stranger not of kin to the deceased; and an order so made must be annulled upon writ of review.

Id.—Allowance of Expenses.—The proper expenses of the disposition of the body of the deceased by the next of kin may be allowed by the court as a charge against the estate; but the court cannot for that reason interfere with the duty and right of burial by the next of kin.

WRIT of review from the Supreme Court to annul an order of the Superior Court of the City and County of San Francisco committing the interment of the body of a deceased person to one not of kin to the deceased. Charles W. Slack, Judge.

The facts are stated in the opinion of the court.

Stafford & Stafford, for Petitioner.

John S. Percy, for Respondent.

HENSHAW, J.—This is an application for a writ of review. Roger O'Donnell, husband of petitioner, died testate. His will was admitted to probate in the city and county of San Francisco. It contained no provision nor direction for the disposition of his body. During the course of administration the widow filed a petition setting forth that the deceased had expressed a last wish that his remains should be buried beside those of his father and mother at Finn Town, Ireland, and praying for an order enabling her to fulfill this request. The court made its order authorizing and directing the executor "to pay over to Annie O'Donnell, the widow of the deceased, the sum of seven hundred dollars out of the funds of the estate, to be

used and expended by Annie O'Donnell in defraying the expense of removing from the city and county of San Francisco to Finn Town, Ireland, and there suitably interring, the body of Roger O'Donnell, deceased." The final account subsequently filed by the executor showed payment to Annie O'Donnell of the seven hundred dollars for the purposes named. The account was allowed and settled, and a decree of distribution was entered; but on the same day the court made the following order: "Good cause appearing therefor, it is hereby ordered that the fund of seven hundred dollars heretofore, by order herein dated February 1, 1897, allowed out of said estate for the purpose of defraying the expense of the removal of the body of deceased to Ireland, and there interring the same, and which fund, less the sum of fifty-five dollars already expended in preliminary preparations for the removal of said body, is now in the possession of John A. Percy, Esq., be retained by said John A. Percy, Esq., in his possession subject to the further order of the court." On April 26th the court made its decree finally discharging the executor. On August 13th John A. Percy, who had been the attorney for Annie O'Donnell, filed a petition stating that he still retained in his possession the funds set apart for the transportation and burial of the body of the deceased, and prayed an order appointing some suitable person to execute the mandate of the court. The court fixed a date for the hearing of this petition, and ordered service of notice upon all interested parties. The widow appeared, and by verified pleading set up that she had been sick, and therefore unable to take the body to Ireland; that she had recovered and was willing and would be ready within three weeks to remove the body, and asked that Percy be directed to pay to her the money in his hands. She objected to the payment of the money to anyone else, objected to any other person being empowered to remove the body, denied the jurisdiction of the court to modify its original order, and "respectfully informs the court that she does not and will not consent to the removal of the body of her deceased husband to Ireland or elsewhere by any other person than petitioner herself." After the hearing the court made its order commanding that the body be immediately removed to Finn Town, Ireland, and giving Matthew Martin authority and

directing him to execute the order, and further directing Percy to pay over to Martin the money in his hands, or so much thereof as might be necessary for the indicated purposes. Martin is a stranger in blood to the deceased.

By this writ there is sought to be annulled the order last above mentioned directing Martin to transport the body of the deceased to Ireland, and there supervise its interment. The validity of the original order by which the seven hundred dollars was ordered set apart to and paid over to Annie O'Donnell, the widow, for the same purpose, is not called in question. The single proposition which is seriously argued is whether the court in probate did or did not exceed its jurisdiction in attempting to deliver to one not of kin the body of deceased, and in directing a particular disposition to be made of that body by this stranger. It is also further contended that the order is in excess of jurisdiction because the moneys directed to be paid under the original order had in fact been paid; that the executor had complied with the directions of the court as to payment; had entered the payment as a credit to himself in his final account; that his final account had been allowed and final distribution of the estate decreed; and the control of the property had therefore passed from the court. (*Ex parte Smith,* 53 Cal. 204; *Wheeler v. Bolton,* 54 Cal. 302.) The last proposition, which involves a consideration of the court's jurisdiction and control of the burial fund after entry of the decree of distribution, we do not think it necessary to consider for the reason that the court exceeded its jurisdiction in attempting to award the custody of the body of the deceased to one not of kin, to the exclusion of the next of kin; indeed, that it exceeded its jurisdiction in attempting to make any award of the custody, or to direct any disposition to be made of the body.

The body of one whose estate is in probate unquestionably forms no part of the property of that estate. It is recognized that the individual has a sufficient proprietary interest in his own body after his death to be able to make valid and binding testamentary disposition of it. The court in probate and the personal representative acquire jurisdiction from the last testament to see that its provisions in this regard, as in all others, are duly executed; but where, as in this case, the will is silent,

the court in probate has no such power. The duty of the burial of the dead is made an express legal obligation (Pen. Code, sec. 292); but, aside from the obligation, there is a right, well defined and universally recognized, that in disposing of the body of deceased the last sad offices belong to the next of kin, within which phrase, as here employed, is included the surviving husband or wife. This right had its origin in sentiment, in affection for the dead, in religious belief in some form of future life. It, therefore, early became a subject of cognizance by the ecclesiastical courts. But, while thus having its origin in affection and religious sentiment, it soon came to be recognized as a strictly legal right, and the next of kin, while not in the full proprietary sense "owning" the body of the deceased, have property rights in the body which will be protected, and for a violation of which they are entitled to indemnification. Thus, if the right is interfered with, damages will be awarded. (*Smiley v. Bartlett*, 6 Ohio C. C. 234.) "That there is no right of 'property' in a dead body, using the word in its ordinary sense, may well be admitted; yet the burial of the dead is a subject which interests the feelings of mankind to a much greater degree than many matters of actual property. There is a duty imposed by the universal feelings of mankind to be discharged by some one toward the dead, a duty and we may also say a right to protect from violation; and it may therefore be considered as a sort of *quasi* property, and it would be discreditable in any system of law not to provide a remedy in such a case." (*Pierce v. Proprietors, etc.*, 10 R. I. 227; 14 Am. Rep. 667.) The whole question is learnedly considered in Ruggles' Report, 4 Brad. 503. The conclusions there reached are those which have been generally adopted by the courts of the land. One of those conclusions is, "that the right to bury a corpse and to preserve its remains is a legal right which the courts of law will recognize and protect." Another is, that "such right, in the absence of any testamentary disposition, belongs exclusively to the next of kin." And another, that "the right to protect the remains include the right to preserve them by separate burial, to select the place of sepulture, and to change it at pleasure." In employing the phrase "next of kin," Mr. Ruggles explains that it was not used for the purpose of denying or even question-

ing the legal right of a surviving husband to bury his wife's remains. (*Hackett v. Hackett*, 18 R. I. 155; 49 Am. St. Rep. 762.)   The same right belongs to the surviving wife.    (*Hackett v. Hackett, supra; Larson v. Chase*, 47 Minn. 307; 28 Am. St. Rep. 370; Perley's Mortuary Law, 27; *Hadsell v. Hadsell*, 7 Ohio C. C. 196; *Durell v. Hayward*, 9 Gray, 248; 69 Am. Dec. 284.)   Therefore, in a case such as this neither the court in probate nor the personal representative has any right to the body of the deceased, nor any right to control the manner of disposing of the remains, nor to dictate the place of interment. The proper expenses of such disposition may well be a charge against the estate, but the duty and right of burial are quite different things from the duty and right of auditing and paying the expenses of such burial.   It is concluded, therefore, that the court exceeded its jurisdiction in intrusting the body of the deceased to Matthew Martin, and in directing that by him the body should be taken to Finn Town, Ireland, and there interred.

The order is therefore annulled.

Garoutte, J., Temple, J., Harrison, J., and Beatty, C. J., concurred.