In the Matter of the Petition of NEAL A. WINTERS for the Removal of the Bodies of CHARLES WINTERS and IDA WINTERS, Deceased, Petitioner. CARL C. WINTERS and ROFENA FREDERICKS, Respondents.

County Court, Niagara County, December 10, 1937.

*Thompson & Thompson,* for the petitioner.

*Fogle, Bedenkapp & Andrews,* for the respondents.

GOLD, J.   This is an application by Neal A. Winters, with whom join a brother and five sisters of petitioner, for permission of this court to remove the bodies of their parents, Charles Winters and Ida Winters, from the Royalton Mountain Ridge Cemetery in the town of Royalton to the Cold Springs Cemetery in the town of Lockport.

Said Ida Winters died and was buried in said cemetery in 1929, and Charles Winters in 1933.   They are buried upon a lot formerly owned by one Otto Fredericks, a son of Ida Winters, which lot is now owned by his widow, Rofena Fredericks.

Carl C. Winters, a son of said Charles and Ida Winters, and said Rofena Fredericks oppose the application.

This proceeding is brought under section 89 of the Membership Corporations Law.

At the time of the death of said Ida Winters her husband owned no lot in any cemetery. She was buried upon a lot owned by said Rofena Fredericks. At the time of his death said Charles Winters was buried upon said lot.

It is apparent that a dispute arose with reference to placing a monument upon said lot. Petitioner, and the other children joining with him, had apparently selected a monument of a size and nature to which said Rofena Fredericks objected. She not only objected to the size of the monument, but also desired to have placed thereon the name " Fredericks," while petitioner, and the children joining with him, desired the name " Winters," to be placed thereon.

As a result of these differences, some of the children purchased a cemetery lot at the Cold Springs Cemetery and made provision for removing the bodies of their parents to said lot. They intended to place thereon a monument and markers of their own choosing.

Seven of the eight children favor the granting of this petition.

A son, Carl C. Winters, and said Rofena Fredericks object to the removal. They claim that it was the desire of said Charles Winters and Ida Winters to be buried upon this lot. Said Rofena Fredericks claims that said Charles Winters, prior to his death, had selected the type of monument and headstones which he desired to be placed upon said lot, but had never purchased the same and that she is willing to have placed upon said lot the type of monument and headstones selected by said Charles Winters.

The Court of Appeals in this State has laid down a rule which should govern the course in determining an issue of this nature. " Upon the record before us, one may draw conflicting inferences of duty and propriety. The wishes of wife and next of kin are not always supreme and final though the body is yet unburied. * * * Still less are they supreme and final when the body has been laid at rest, and the aid of equity is invoked to disturb the quiet of the grave. * * * There will then be ' due regard to the interests of the public, the wishes of the decedent, and the rights and feelings of those entitled to be heard by reason of relationship or association.' * * * A benevolent discretion, giving heed to all those promptings and emotions that men and women hold for sacred in the disposition of their dead, must render judgment as it appraises the worth of the competing forces." (*Yome* v. *Gorman*, 242 N. Y. 395, at p. 402.) " Removal at the instance of a wife or of kinsmen

near in blood to satisfy a longing that those united during life shall not be divided after death, may seem praiseworthy and decorous when removal at the instance of distant relatives or strangers would be arbitrary or cruel. The dead are to rest where they have been laid unless reason of substance is brought forward for disturbing their repose." (Id. 403.)

I can safely assume that said Charles Winters and Ida Winters had expressed a desire to be buried on said cemetery lot, inasmuch as they owned no lot, and said Charles Winters had his wife, Ida Winters, buried there upon her death, It would be natural to believe that he intended to be buried there himself.

However, I feel that seven of the eight children should be allowed to carry out their desires to erect upon said lot such monument and headstones as they believe suitable in memory of their father and mother, provided the type and size of the same meets with the approval of the directors of the Royalton Mountain Ridge Cemetery Association.

If said Rofena Fredericks refuses to allow the same to be done, I feel that the seven children should be allowed to have the bodies of their parents removed to Cold Springs Cemetery, where such monument and headstones can be placed, and in which event, I hereby consent to such removal.