[Civ. No. 12884. First Dist., Div. Two. Aug. 29, 1946.]

In re ERNEST H. KECK et al., for Permission to Remove the Remains of Frederick Keck, Deceased. ERNEST H. KECK et al., Appellants, v. BABETTE M. LEVINGSTON, Objector and Respondent; CYPRESS LAWN CEMETERY ASSOCIATION (a Corporation), Respondent.

[Civ. No. 13069. First Dist., Div. Two. Aug. 29, 1946.]

ERNEST H. KECK et al., Plaintiffs and Respondents, v. CYPRESS LAWN CEMETERY ASSOCIATION (a Corporation), Defendant and Respondent; BABETTE M. LEVINGSTON, Intervener and Appellant.

J. Harold Weise for Intervener and Appellant.

Raymond Louis Brennan as Amicus Curiae on behalf of Appellants.

Smith & Smith for Plaintiffs and Respondents.

DOOLING, J.—Two separate appeals are consolidated for argument by stipulation of the parties.

The cremated remains of Frederick Keck were in 1932 interred in a niche in the columbarium in Cypress Lawn Memorial Park. In 1943 the cremated remains of the wife of William H. Warren were interred in the adjoining niche. Mr. Warren desiring to place his wife's ashes in the niche occupied by the ashes of Frederick Keck got in touch with the closest surviving relatives of the decedent Keck, two nieces and a nephew. Mr. Warren represented to them that he had arranged and paid for a perpetual weekly flower display for the niche in which his wife's ashes were interred, that the flowers could be more symmetrically displayed if her ashes were transferred to the niche occupied by the ashes of their uncle, and that if the transfer could be arranged he would also purchase and pay for a perpetual flower display for the niche to which their uncle's ashes would be transferred. The nephew and nieces acquiesced, and joined with Mr. Warren in filing a petition in the superior court for authority to transfer their uncle's ashes. This petition purported to be filed pursuant to sections 7526-7527 Health and Safety Code. At the hearing of the petition Babette M. Levingston appeared and opposed the granting of the petition. The court denied the petition upon the ground, among others, that the court was without jurisdiction of the subject matter under section 7528 of the Health and Safety Code. From this order the petitioners have appealed and that appeal is numbered herein 12884.

The order so appealed from must be affirmed since the

court's determination of want of jurisdiction of the subject matter was correct. Section 7528 provides in part: "This article does not apply to . . . the removal of any remains from one plot to another in the same cemetery. . . ." Sections 7526 and 7527 under which the proceedings were attempted is a part of the same article.

After the denial of this petition the same parties filed a suit in equity naming the Cypress Lawn Cemetery Association as defendant in which they prayed for a decree adjudicating their right to transfer the ashes of Frederick Keck from one niche to the other. Babette M. Levingston was granted leave to intervene in opposition to the complaint and after a trial the court entered its decree in favor of plaintiffs. From this order the intervener has appealed. (No. 13069.)

Respondents in the latter appeal have moved its dismissal on the ground that appellant has no legal interest in the subject matter of the suit and no legal right to object to the removal of the ashes of Frederick Keck and is not a party aggrieved by the judgment appealed from. The appellant, Mrs. Levingston, is not related to the decedent but testified that she was a close friend of his during his lifetime.

In a proceeding for authority to remove the bodies of parents from one cemetery to another the court in *In re Winters,* 165 Misc. 226 [300 N.Y.S. 853, 855] quoting from *Yome* v. *Gorman,* 242 N.Y. 395 [152 N.E. 126, 47 A.L.R. 1165] said that in such cases the court will give "due regard to the interests of the public, the wishes of the decedent, and the rights and feelings of those entitled to be heard by reason of relationship or association." Giving due regard to the rights and feelings of appellant by reason of her close association with decedent we prefer not to dismiss her appeal, although there may be some doubt as to her legal right to maintain it.

In the order denying the petition first filed is found a recital "that the reason given for the removal is not a sufficient reason in the opinion of the court," and it is urged that this was res judicata in the second action. The court, as we have held, had no jurisdiction of the subject matter in the first proceeding. Having no jurisdiction it could not validly adjudicate any fact other than its lack of jurisdiction (*Estate of Palmieri,* 120 Cal.App. 698, 700-702 [8 P.2d 152]; 21 C.J.S., Courts, § 118, p. 179) and the attempted adjudication of the merits of the petition was void (15 Cal.Jur., Judgments,

§ 141, p. 52). It cannot, therefore, be res judicata of any issue in the second action.

We are cited by appellant Levingston and amicus curiae to many cases from other jurisdictions which they claim support the rule that the remains of a decedent, especially at the instance of remote kindred, are not to be disturbed except for the gravest reasons. Our Supreme Court in *O'Donnell* v. *Slack*, 123 Cal. 285, 289 [55 P. 906, 43 A.L.R. 388], said:

"The whole question is learnedly considered in Ruggles' Report. 4 Brad. 503. The conclusions there reached are those which have been generally adopted by the courts of the land. One of those conclusions is, 'that the right to bury a corpse and to preserve its remains is a legal right which the courts of law will recognize and protect.' Another is, that 'such right, in the absence of any testamentary disposition, belongs exclusively to the next of kin.' And another, that 'the right to protect the remains include the right to preserve them by separate burial, to select the place of sepulture, and to change it at pleasure.' "

■ It may be conceded that the statement about changing the place of sepulture is dictum since the question before the court in that case was the right of original interment. The Legislature has, however, indicated its intention to give to certain classes of relatives the uncontrolled right of removal, by section 7525 Health and Safety Code. These privileged relatives are the surviving spouse, surviving children, surviving parents and surviving brothers and sisters. "If the required consent can not be obtained, permission by the superior court of the county where the cemetery is situated is sufficient." (Health & Saf. Code, § 7526.) "This article does not apply to or prohibit the removal of any remains from one plot to another in the same cemetery . . ." (Health & Saf. Code, § 7528).

It is not to be thought that by the last quoted provision the Legislature intended to put greater restrictions upon the removal from plot to plot in the same cemetery, but rather that it intended to indicate that transfer from plot to plot of the same cemetery was a matter of less moment which could more readily be effected.

■ We feel satisfied without entering into an exhaustive review of the authorities from other jurisdictions that in the case of removal from one plot to another in the same cemetery if the next of kin can convince a court of equity that the second

plot will furnish a more fitting resting place than the first an appellate court should not interfere with that determination where it finds substantial support in the evidence. ▮ The respondent Warren has bound himself by contract to purchase a perpetual floral tribute for the ashes of decedent Keck if they are removed from one niche to the other. The court has found that this perpetual service furnishes sufficient reason for authorizing the transfer. No disrespect is being shown to the ashes of the dead but instead a memorial of living flowers, periodically renewed, is being secured at the slight cost of moving his ashes the very short distance between one niche and its neighbor.

It may be gathered from the cases that, while the courts have announced certain general principles governing the right to remove the bodies of the dead to new places of interment, "Each case must be considered in equity on its own merits, having due regard to the interests of the public, the wishes of the decedent, the rights and feelings of those entitled to be heard by reason of relationship or association, the rights and principles of the religious body or other institution, which granted the right to inter the body at the first place of burial, and determining whether consent was given to the burial in the first place of interment." (15 Am.Jur. 844, quoted in *Cordts* v. *Cordts*, 154 Kan. 354 [118 P.2d 556, 558].)

The court in that case adds:

"Not all of the authorities give the same order to the factors to be considered, and speaking generally, perhaps primary importance is given to the wishes of the deceased. With respect to reinterment, it has been said the same rules apply as to the original interment, but with a presumption against removal growing stronger with remoteness of connection with the decedent and reserving always the right of the court to require reasonable cause to be shown for it." (*Cf. Pettigrew* v. *Pettigrew*, 207 Pa. 313 [56 A. 878, 99 Am.St. Rep. 795, 64 L.R.A. 179] ; *Lavigne* v. *Wilkinson*, 80 N.H. 221 [116 A. 32] ; *Moore* v. *Sheafer*, 282 Pa. 360 [127 A. 784] ; *Rivers* v. *Greenwood Cemetery*, 194 Ga. 524 [22 S.E.2d 134] ; *In re Winters, supra*, 165 Misc. 226 [300 N.Y.S. 853].)

Here neither the wishes of the decedent, religious principles, nor any rule of the cemetery association is involved and the primary considerations would seem to be the public policy requiring a proper respect for the bodies of the dead and

the feelings and desires of those entitled to be heard by reason of relationship and association. The trial court has weighed those considerations and decided in favor of the propriety of the proposed removal.

Motion to dismiss appeal denied. Order and judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.