[Civ. No. 7945.   Fourth Dist., Div. One.   May 12, 1966.]

EMIL R. SMITH, Plaintiff and Appellant, v. VIRGINIA VIDOVICH et al., Defendants and Respondents.

Marion Sands Richards for Plaintiff and Appellant.

Dougherty, Scott & Wolfe and Wallace E. Wolfe for Defendants and Respondents.

BROWN, P. J.—Virginia Novasal Smith was adjudicated insane in 1942 and committed to Patton State Hospital, where she died in 1963. In 1956 her husband, Mike N. Smith, made prospective funeral arrangements for himself and his wife. He predeceased her in 1961. She was survived by four children, the litigants here.

The defendant children buried their mother in a cemetery owned by the defendant corporation. The fourth child, plaintiff, later sued to require removal of her remains to a grave adjoining that of her husband.

The trial court, without a jury, gave judgment for defendants. Plaintiff asserts the judgment is contrary to law and lacks evidentiary support.

Section 7100 of the Health and Safety Code states that the right to control the disposition of the remains of a deceased person, unless the decedent has left other directions (not applicable here), rests with the surviving spouse, and if there is none, with the surviving child or children. ■ Since the husband did not survive, there is no merit to plaintiff's claim that the husband had the right to control, beyond the time of his death, the disposition of his wife's remains upon her death at some future time. (*Cf. Benbough Mortuary* v. *Barney*, 196 Cal.App.2d Supp. 861, 864 [16 Cal.Rptr. 811]; *Estate of Cornitius*, 154 Cal.App.2d 422, 427 [316 P.2d 428; *Cohen* v. *Groman Mortuary, Inc.*, 231 Cal.App.2d 1, 5 [41 Cal.Rptr. 481].) It is immaterial that the deceased wife was incompetent.

■ Since the right to control the disposition of the deceased's remains passed to the children, the trial court was correct in approving the burial arrangements effected by a majority of them.

The evidence that the decedent outlived her husband and was survived by the four children sufficiently supports the judgment.

Judgment affirmed.

Coughlin, J., concurred.