357 So.2d 761 (1978)
ATLANTIC PLAZA PARTNERSHIP, etc., et al., Appellants,
v.
DAYTONA SANDS, INC., etc., et al., Appellees.
No. GG-314.
District Court of Appeal of Florida, First District.
April 18, 1978.
Rehearing Denied May 15, 1978.
*762 Charles Tindell, of Elliott, Tindell & Gehris, Daytona Beach, for appellants.
Jason G. Reynolds, of Coble, McKinnon, Reynolds, Rothert, Bohner & Godbee, Daytona Beach, for appellees.
MILLS, Acting Chief Judge.
Appellant Elliott filed a malicious prosecution counterclaim against appellees. The trial court entered a summary judgment in favor of appellees on the ground that there was no genuine issue of material fact as to appellees' defense of advice of counsel, therefore, appellees were entitled to a judgment as a matter of law. Elliott appeals contending the facts were conflicting and showed that a number of appellees never consulted with their attorney. We affirm.
Initially, appellees filed a suit for declaratory judgment and for injunctive relief against Atlantic Plaza Partnership. This suit was concluded by the entry of a summary judgment in favor of Atlantic. Elliott was not a party to this suit.
The record reflects that a number of the appellees did not consult with the attorney but it also reflects that these appellees did not authorize the attorney to file the suit.
The theory or reason of a trial court in making an order is not controlling. If there is any reason or theory to support the order, the ruling will be affirmed. Deemer v. Hallett Pontiac, Inc., 288 So.2d 526 (Fla.3d DCA 1974).
As to some of the appellees, the reason given by the court for its ruling was correct. As to the remaining appellees, the court correctly entered summary judgment for them because they never authorized the filing of the initial suit. As to all of the appellees, the court was correct in its ruling, because Elliott was not a party to the initial suit which terminated in favor of Atlantic.
The summary judgment appealed is affirmed.
ERVIN and BOOTH, JJ., concur.