374 So.2d 47 (1979)
Homero TRUEBA, Omar Trueba, and Orlando Trueba, Brothers and Next of Kin and Sons of Gerardo Ramon Trueba, Appellants,
v.
PERSHING INDUSTRIES, INC., D/B/a Vista Memorial Gardens, and Edward Pawley, Richard Clark, and John Gonzalez, Jointly and Severally As Tort Feasors, Appellees.
No. 78-1767.
District Court of Appeal of Florida, Third District.
July 17, 1979.
Rehearing Denied September 5, 1979.
*48 Grable & Dieguez and Anthony Dieguez, Hialeah, for appellants.
R.G. Maxwell, Miami Springs, Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellees.
Before HENDRY, BARKDULL and KEHOE, JJ.
BARKDULL, Judge.
The Trueba brothers appeal the trial court's order granting a motion for a judgment on the pleadings and dismissing their complaint with prejudice.
By their second amended complaint, the Truebas alleged that they were brothers, and sons of Gerardo Ramon Trueba who died in 1976. The complaint sought a court order for the disinterment of their father's body and damages for emotional distress, alleging that Vista Memorial Gardens had sold them a plot that had already been sold; that the cemetery moved the body despite the specific refusal of the brothers; that the brothers were uncertain about where their father was and, hence, had suffered great emotional distress and humiliation.
The defendants answered, generally denying the pertinent allegations and setting out as affirmative defenses that the body had not actually been interfered with (the entire vault had been moved), and that the cemetery had the right to move the vault by the language of the contract of purchase of the plot.
The trial court granted the motion for judgment on the pleadings, dismissed the complaint with prejudice, and denied rehearing. This appeal followed.
As to the cause of action for emotional distress and humiliation, we find no meritorious claim. In this connection, see the recent opinion of this court, authored by Judge Charles A. Carroll: Gellert v. Eastern Air Lines, Inc., 370 So.2d 802 (Fla. 3d DCA 1979), wherein (speaking about actions for emotional distress) the following is found:
.....
"Under the decisions dealing with recovery for intentional infliction of severe mental distress, recovery therefor is proper only when the causatory conduct is deliberately done with intent to so harm the person, and is of such wanton and outrageous character as would constitute conduct that would warrant the allowance of punitive damages (Kirksey v. Jernigan, supra [45 So.2d 188 (Fla. 1950)]), and constitutes conduct that exceeds all bounds which could be tolerated by society, and is of a nature especially calculated to cause mental damage of a serious kind. Slocum v. Food Fair Stores of Florida, Inc., supra [100 So.2d 396 (Fla. 1958)]. The several incidents presented and relied *49 on by the plaintiff as having caused him severe mental distress, in our view were not shown to be conduct equal to the flagrant character thereof which, as outlined above, is essential for recovery. The judgment is entitled to be affirmed on this alternative and separate ground. In re Estate of Yohn, 238 So.2d 290, 295 (Fla. 1970); Firestone v. Firestone, 263 So.2d 223, 225 (Fla. 1972); Deemer v. Hallett Pontiac, Inc., 288 So.2d 526, 528 (Fla. 3d DCA 1974); Atlantic Plaza Partnership v. Daytona Sands, Inc., 357 So.2d 761 (Fla. 1st DCA 1978)."
.....
As to the issue made upon the failure of the trial court to entertain or exercise his discretion in ordering an examination of the vault, we return the matter to the trial court with directions to the chancellor to receive evidence on the issue as framed by the pleadings, and then to exercise his discretion. In this connection, see the following authorities: Application of Keck, 75 Cal. App.2d 846, 171 P.2d 933 (1st Dist. 1946); Cordts v. Cordts, 154 Kan. 354, 118 P.2d 556 (1941); Currier v. Woodlawn Cemetery, 300 N.Y. 162, 90 N.E.2d 18 (1949); Evergreen Cemetery Association, Inc. v. Jurgensen, 34 A.D.2d 709, 309 N.Y.S.2d 847 (1970).
Reversed and remanded, with directions.