NESBITT, Judge.
In a prior appearance by the parties to the present action, Trueba v. Pershing Industries, Inc., 374 So.2d 47 (Fla.3d DCA 1979), we affirmed the dismissal of the natural sons’ action claiming damages for emotional distress in connection with the disturbance of their father’s remains by the defendant cemetery company. However, the proceeding was returned to the trial court for a determination as to whether the decedent’s remains should be disinterred in order to conclusively identify the remains of the decedent.
While the appeal was pending in the first action, plaintiffs filed a second complaint based on an alleged disturbance of the grave-site in August of 1978. The trial judge entered a final order dismissing the complaint with prejudice. A short time later, the trial court, on remand of the first decision, dismissed the action insofar as the issues presented were resolved by the second case. Plaintiffs appeal both decisions, which have been consolidated for purposes of this appeal.
The final judgment in the second case was entered without a formal trial or full evidentiary hearing. Despite this fact, the trial court proceeded with a twelve-page order containing detailed facts which are not supported by sufficient evidence in the record. While it is not the province of this court to substitute its judgment for that of the trier of fact; where the judgment is not supported by substantial evidence, we have no alternative but to reverse. Adams v. McDonald, 356 So.2d 864 (Fla. 1st DCA 1978). In light of the lengthy record, we find that there is sufficient undisputed evidence from which this court can conclude that a mandatory injunction requiring disinterment should be issued.
It was conceded by the defendant cemetery company that shortly after the decedent’s death, his sons purchased a burial plot in which the decedent’s remains were to be interred. Instead, the decedent was buried in the wrong plot by the cemetery company and the remains were later moved to the proper location. None of the plaintiffs witnessed the transfer and, consequently, there is an understandable and legitimate concern of the family about the location of their father’s remains. Under the principles governing disinterment, there was sufficient justification so as to warrant a court of equity to lend its aid to the plaintiffs. See generally, Keck v. Levingston, 75 Cal.App.2d 846, 171 P.2d 933 (1946); Annot., 21 A.L.R.2d 472, Corpse — Removal and Disinterment (1952). This is not a case where close family members merely wish to exercise fanciful, whimsical, or morbid curiosity by disinterring the body. Furthermore, in equity, where the family members who have a right to decide about the disposition of the body are in accordance, their wishes should be complied with over the interest of a stranger. McEntee v. Bonacum, 66 Neb. 651, 92 N.W. 633 (1902). See also, Herzl Congregation v. Robinson, 142 Wash. 469, 253 P. 654 (1927).
Appellees’ argument that the appellants’ action is barred by the clean hands doctrine is without merit. Since the plaintiffs had a legitimate concern about the decedent’s final resting place, the fact that disinterment might furnish the plaintiffs with an evidentiary basis to maintain an action for damages does not violate the equitable maxim.
Consequently, we grant a mandatory injunction for disinterment but return the cause to the trial court to fashion, in the exercise of its discretion, a decree of disinterment that will not only protect the family’s legitimate concern about the true identity and final place of remembrance of their loved one but, at the same time, will assure the defendant cemetery company of protection against needless and spurious claims. In all other respects, the order dismissing the complaint with prejudice regarding damages is reversed and reinstated with directions to the trial court to grant the plaintiffs leave to file an amended or supplemental complaint for such damages as they may be entitled to after issuance of and compliance with the mandatory injunction.
*947 This decision renders it unnecessary to reach the other issues on appeal.
Reversed and remanded.