[No. B097460. Second Dist., Div. Four. July 22, 1997.]

Estate of GREGORIA C. JIMENEZ, Deceased.
MARGARITA SERRANO, Petitioner and Appellant, v.
RAMON C. JIMENEZ et al., Objectors and Respondents.

## COUNSEL

Robert L. Kern for Petitioner and Appellant.

Anton W. Kerckhoff, Nouskajian & Cranert and John Nouskajian for Objectors and Respondents.

## OPINION

### VOGEL (C. S.), P. J.—

#### INTRODUCTION

The decedent was buried at Resurrection Cemetery by arrangement of three of her four surviving children. The fourth child subsequently petitioned the probate court for an order that decedent be disinterred from Resurrection Cemetery then reinterred at Oakwood Memorial Park, which she asserts was decedent's wish, and for an order imposing costs and "consequential damages" upon the funeral home and other "responsible parties" for the allegedly improper burial at Resurrection Cemetery.

The probate court dismissed the petition on the ground that this dispute is not within the jurisdiction of the probate court. We agree and affirm the order of dismissal.

#### FACTUAL AND PROCEDURAL BACKGROUND

The decedent Gregoria C. Jimenez (decedent) died testate on May 17, 1993. Decedent's last will devised her estate in equal shares to her four adult children: Margarita Serrano (appellant), Ramon C. Jimenez, Lily Alexander, and Philip Jimenez (the three collectively, respondent children). Decedent's will named Georgia L. Jensen as executor; Georgia L. Jensen is appellant's daughter, decedent's granddaughter. Decedent's *will* did not contain any instructions or wishes concerning disposition of her remains.

In 1977 decedent executed a form with respondent Roy C. Addleman & Son Funeral Home, which expressed her wish to be buried at Resurrection

Cemetery. The form states, "This petition is an earthly accounting of my last wishes to come into force in the event of my death. It is my earnest desire that these plans be carried out by The Roy C. Addleman & Son Funeral Home in so far as is reasonably possible." Decedent checked "burial" and wrote in "Resurrection Cemetery."

On or about April 22, 1986, decedent executed a different form with the Addleman funeral home, requesting "the following actions be taken upon my death": decedent checked "burial" and wrote in "Oakdale Memorial Park." On April 23, 1986, decedent executed a "before-need purchase . . . agreement" with Oakdale Memorial Park Mortuary for a grave and a marker. In November 1986 Oakdale Memorial Park sent decedent a deed to a grave site and a notice that decedent's grave marker had been set.

Decedent died May 17, 1993. Decedent was buried at Resurrection Cemetery by arrangement of respondent children. The exact circumstances are a matter of dispute which was not resolved by the trial court because the court concluded it had no jurisdiction. Respondent children contended they were unaware of any contrary wishes of decedent, and that appellant made no protest at the time. Respondent funeral home contended that it disclosed to respondent children the two conflicting forms, that respondent children chose Resurrection Cemetery, and that the funeral home received no written objection by appellant. Appellant contended that respondent children were well aware of decedent's purchase of a grave at Oakdale Memorial Park, but "took charge of the body of the decedent and disregarded the wishes of the decedent," and "although [appellant] protested such arrangements, such protests and the directions of the decedent were ignored."

On September 17, 1993, Georgia L. Jensen requested admission of the will to probate and appointment as executor. Respondent Philip Jimenez objected to appointment of Jensen as executor. Not until February 24, 1995, did the court appoint Jensen as executor.

On April 25, 1995, appellant filed the petition involved in this appeal. It is entitled, "Petition for Instructions and Authorization to the Executrix to Transfer and Properly Inter the Remains of the Decedent, and for Orders Surcharging the Responsible Parties." After alleging that respondent children and respondent funeral home buried decedent at Resurrection Cemetery contrary to decedent's expressed wishes and over appellant's protest, appellant requested (1) an order that decedent's remains be disinterred from Resurrection Cemetery and reinterred at Oakdale Memorial Park; (2) an order directing the executor to make appropriate arrangements; (3) an order that Resurrection Cemetery comply with such directions; and (4) an order

"requiring that Roy C. Addleman & Son Funeral Home and the parties responsible for disregarding the directions of the decedent be surcharged for all of the costs and expenses relating to the interment of the decedent, including but not limited to consequential damages and attorney's fees, and to hold the estate harmless."

Respondent children and respondent funeral home opposed the petition. Initially and in response to the trial court's request for additional briefing concerning jurisdiction, they argued that the rights and obligations involving disposition of a decedent's remains vest exclusively with the persons designated in Health and Safety Code sections 7100 and 7525 (here the children) and not with the executor of the decedent's estate, therefore the dispute is not within the jurisdiction of the probate court, but rather is a civil matter.

The trial court agreed and dismissed the petition on the ground that "this is a matter that must be pursued by civil complaint, rather than a petition in probate."

Appellant appeals from the order dismissing the petition and from an order denying reconsideration. Appeal lies from an order refusing to instruct or direct the personal representative of the estate. (Prob. Code, § 7240, subd. (k).)

## DISCUSSION

We begin by stating what is *not* the issue here. This appeal does not concern whether decedent's wishes were violated, nor whether respondents have liability for the alleged violation, nor whether, under all the circumstances, decedent's body should be disinterred from Resurrection Cemetery and reinterred at Oakdale Memorial Park. The only issue is, in what court should these questions be determined? Some of the underlying law is useful, however, as background.

### Health and Safety Code Governs Disposition of a Decedent's Remains

The rights and obligations concerning disposition of dead bodies are controlled by statutes contained in the Health and Safety Code.[1] (*Walsh* v. *Caidin* (1991) 232 Cal.App.3d 159, 162 [283 Cal.Rptr. 326].) Section 7100, subdivision (a) provides, "The right to control the disposition of the remains of a deceased person, including the location and conditions of interment,

---

[1]All further statutory references *in this part* are to the Health and Safety Code.

unless other directions have been given by the decedent, vests in, and the duty of interment and the liability for the reasonable cost of interment of the remains devolves upon the following in the order named: [¶] (1) The surviving spouse. [¶] (2) The surviving child or children.[2] . . . [¶] (3) The surviving parent or parents . . . . [¶] (4) The person or persons respectively in the next degrees of kindred. [¶] (5) The public administrator when the deceased has sufficient assets."[3]

Section 7100 contains explicit rules, however, that the wishes of the decedent should be followed. As noted, subdivision (a) lists the persons entitled to control disposition "unless other directions have been given by the decedent." Subdivision (d) provides, "(1) A decedent, prior to his or her death, may direct the preparation for, type, or place of interment of his or her remains, *either by oral or written instructions*, but a written contract for funeral services may only be modified in writing. The person or persons otherwise entitled to control the disposition of the remains under the provisions of this section *shall faithfully carry out the directions of the decedent* . . . . [¶] (2) *If the instructions are contained in a will*, they shall be immediately carried out, regardless of the validity of the will in other respects or of the fact that the will may not be offered for or admitted to probate until a later date." (Italics added.) Subdivision (e) declares, "This section shall be administered and construed to the end that the expressed instructions of the decedent or the person entitled to control the disposition shall be faithfully and promptly performed." Prior to enactment of this statutory policy, *Estate of Henderson* (1936) 13 Cal.App.2d 449, 455 [57 P.2d 212], declared that a decedent's wishes expressed in a will should be followed "so far as possible," "if considerations of propriety and decency do not intervene," even against the wishes of the surviving kin otherwise entitled to dispose of the remains.

An additional factor here is that decedent has already been buried in Resurrection Cemetery, and the controversy concerns, in part, whether her remains should be disinterred and removed to Oakdale Memorial Park. In such cases section 7525 provides, "The remains of a deceased person may be removed from a plot in a cemetery with the consent of the cemetery authority and the written consent of one of the following in the order named: [¶] (a) The surviving spouse. [¶] (b) The surviving children. [¶] (c) The surviving parents. [¶] (d) The surviving brothers or sisters." Section 7526

---

[2]In a case remarkably like this one, involving four surviving children one of whom objected, the court indicated that majority rule of the children governs. *(Smith* v. *Vidovich* (1966) 242 Cal.App.2d 206, 207 [51 Cal.Rptr. 196].)

[3]If the decedent has no kin and no assets, the coroner is responsible for interment. (§ 7104, subd. (a).)

provides, "If the required consent can not be obtained, permission by the superior court of the county where the cemetery is situated is sufficient."

In *Walker* v. *Konitzer* (1963) 217 Cal.App.2d 654, 660 [31 Cal.Rptr. 906], the court opined in dictum that section 7100 "relate[s] to burial in the first instance," but "[*i*]*f* the will of a deceased person contained instructions for burial in a certain cemetery plot and there were sufficient funds in the estate to defray the expense thereof, disinterment and reinterment could probably be ordered." (Italics added.) The question of disinterment and reinterment involves numerous considerations in addition to the wishes of the deceased. *In re Keck* (1946) 75 Cal.App.2d 846, 851 [171 P.2d 933], and *In re Terra* (1952) 111 Cal.App.2d 452, 457-458 [244 P.2d 921], hold that the issue of disinterment and reinterment is addressed to the discretion of the court sitting in equity. " 'Each case must be considered in equity on its own merits, having due regard to the interests of the public, the wishes of the decedent, the rights and feelings of those entitled to be heard by reason of relationship or association, the rights and principles of the religious body or other institution, which granted the right to inter the body at the first place of burial, and determining whether consent was given to the burial in the first place of interment.' . . . [¶] 'Not all of the authorities give the same order to the factors to be considered, and speaking generally, perhaps the primary importance is given to the wishes of the deceased. With respect to reinterment, it has been said that the same rules apply as to the original interment, but with a presumption against removal growing stronger with remoteness of connection with the decedent and reserving always the right of the court to require reasonable cause to be shown for it.' " (*In re Keck, supra,* 75 Cal.App.2d at p. 851.) *Terra* adds a consideration that the repose of the dead should not be disturbed without strong justification. (*In re Terra, supra,* 111 Cal.App.2d at p. 457.)

### Probate Court Jurisdiction

"The term 'probate law' describes the vast body of law that deals with all matters concerning wills, succession to intestate property, and administration of the estates of decedents. The particular court that has jurisdiction over these matters is the superior court sitting in probate, which is commonly referred to as the 'probate court.' " (24 Cal.Jur.3d (rev.) Decedents' Estates, § 26, p. 68, fns. omitted.) The probate court has jurisdiction over "proceedings under this code [the Probate Code] concerning the administration of the decedent's estate." (Prob. Code, § 7050.)[4] Although the probate court has all the powers of the superior court when considering cases

---

[4]All further statutory references are to the Probate Code, unless otherwise specified.

brought before it under the Probate Code, its jurisdiction is limited in the sense that it exercises only such powers over decedents' estates as conferred upon it by statute. (Cal. Law Revision Com. com., 53A West's Ann. Prob. Code (1991) § 7050, p. 12; 24 Cal.Jur.3d (rev.) Decedents' Estates, §§ 27, 28, pp. 69-70, 71-72.) The probate court is concerned with passage of title to the decedent's property whether by will or by the laws of intestate succession. (§ 7000.) For this purpose "[t]he decedent's property is subject to administration under this code, except as otherwise provided by law." (§ 7001.) "The basic purposes of administering a decedent's estate are to preserve and protect the estate; to satisfy and discharge all debts and claims, including expenses of administration, that are charges or liens on the property; and to distribute the residue of the property, at a proper time, to those persons who are entitled to receive it." (24 Cal.Jur.3d (rev.) Decedents' Estates, § 8, p. 48, fns. omitted.)

## Analysis

Here, decedent's *will* made no provision for disposition of her remains. Although Health and Safety Code section 7100 requires those having control over disposition to faithfully follow the decedent's wishes even if expressed outside of the will, the statute does not specify what court has jurisdiction over a dispute to enforce the decedent's wishes.

"The body of one whose estate is in probate unquestionably forms no part of the property of that estate. It is recognized that the individual has a sufficient proprietary interest in his own body after his death to be able to make valid and binding testamentary disposition of it. The court in probate and the personal representative acquire jurisdiction from the last testament to see that its provisions in this regard, as in all others, are duly executed; but where, as in this case, the will is silent, the court in probate has no such power. . . . [The right of disposing of the body] belong[s] to the next of kin . . . ." (*O'Donnell* v. *Slack* (1899) 123 Cal. 285, 288-289 [55 P. 906].) The fact that funeral expenses are a proper charge against the property in the estate (see § 11420, subd. (a)) confers no right upon the executor to dispose of the decedent's remains; that right vests exclusively in the next of kin. (*O'Donnell* v. *Slack, supra,* 123 Cal. at p. 290; *Enos* v. *Snyder* (1900) 131 Cal. 68, 71 [63 P. 170].) These early cases, *O'Donnell* and *Enos*, are consistent with current statutory law which similarly vests that right in the next of kin, not the executor of the decedent's estate. (Health & Saf. Code, § 7100.)

Although Health and Safety Code section 7100, subdivisions (d) and (e) declare that the surviving relatives have a solemn obligation to faithfully

carry out the decedent's directions, these provisions are not located in the Probate Code, they do not specifically empower the probate court to enforce them, indeed they do not specifically describe the appropriate enforcement procedure at all. Insofar as disinterment is concerned, Health and Safety Code section 7526 provides for seeking permission from "the superior court of the county where the cemetery is situated," without specifying the superior court sitting in probate. This statutory scheme suggests, consistent with the venerable *O'Donnell* and *Enos* cases, that where the decedent's wishes are not contained in the will itself, a dispute over disposition of the remains belongs in the civil court, not probate. Furthermore, the fact that the question of *dis*interment is said to be a matter for the court sitting "in equity" (*In re Keck, supra,* 75 Cal.App.2d 846, 849, 850-851; 25A C.J.S., Dead Bodies, § 9, p. 519; 22A Am.Jur.2d, Dead Bodies, § 134, p. 84; Annot. (1952) 21 A.L.R.2d 472, 483) further tends to suggest that such a request, if not based on terms of the will itself, is not a probate matter.[5]

Appellant cites several cases in which this issue arose in the context of a probate proceeding, but these cases are distinguishable and do not support the jurisdiction of the probate court in appellant's case. In *Estate of Henderson, supra,* 13 Cal.App.2d 449, the decedent's will bequeathed a specific amount in trust for the purpose of buying a cemetery plot and vault to house the remains of the decedent and her late husband and late son. The trustee petitioned the probate court for instructions as to how to carry out the testamentary instructions when a surviving child objected to removal of the decedent's late husband to the proposed mausoleum. (*Id.* at pp. 450-451.) Here, decedent's will contained no instructions. In *Estate of Malgor* (1947) 77 Cal.App.2d 535 [176 P.2d 66], the decedent died intestate and his surviving relatives were unavailable because they lived in France. The court appointed a friend of decedent's as "special administrator" of the estate with specific instructions to take charge of the funeral and charge the estate with the expenses thereof. (*Id.* at pp. 536-537.) *Malgor* may be analogized to the present provision of Health and Safety Code section 7100, subdivision (a)(5), which empowers the public administrator to dispose of the remains when no surviving relatives having a higher priority exist. These circumstances do not apply here. *In re Seymour* (1911) 15 Cal.App. 287 [114 P. 1023] is similarly distinguishable. When the decedent Simon Seymour died in 1904, his body was temporarily placed in a public vault and was still there in 1907. His executors petitioned the probate court for instructions and authority to purchase a final resting place because by then, his widow had also died and he had no other surviving kin. (*Id.* at pp. 288-289, 293.) Like

---

[5]We recognize that *in matters over which the probate court otherwise has jurisdiction,* it may apply general equitable principles and give equitable remedies. (12 Witkin, Summary of Cal. Law (9th ed. 1990) Wills and Probate, § 333, p. 367.)

*Malgor, Seymour* is a case where the probate court and executor were involved because there were no other surviving relatives.

*In re Keck, supra,* 75 Cal.App.2d 846, and *In re Terra, supra,* 111 Cal.App.2d 452, are not probate cases. The *"In re"* titles are based upon the filing of petitions pursuant to Health and Safety Code section 7526 for removal of the remains of the decedent, and there is no indication those petitions were handled at the trial level by the court sitting in probate. In addition, in *Keck,* following the superior court's denial of the section 7526 petition, the parties filed a second action, which was consolidated on appeal, which was expressly "a suit in equity." (*In re Keck, supra,* 75 Cal.App.2d at p. 849.)

*Smith v. Vidovich, supra,* 242 Cal.App.2d 206, presents an example of an ordinary civil action filed in circumstances similar to this. The defendants (three children) buried their mother at the defendant cemetery. "The fourth child, plaintiff, later sued to require removal of [the mother's] remains to a grave adjoining that of her husband." (*Id.* at p. 207.) Although the opinion does not disclose whether the plaintiff claimed to be asserting the decedent's wishes, the point here is procedural. The action was tried without a jury as an ordinary civil action, and the trial court gave judgment for defendants. The appellate court affirmed, concluding the trial court was correct in approving the burial arrangements effected by a majority of the children.

Of the relevant authorities, the one whose procedural context is most instructive is *O'Donnell v. Slack, supra,* 123 Cal. 285. O'Donnell was the widow of the decedent; Slack was the superior court judge who had made an order in probate at the request of the decedent's executor authorizing the executor to arrange for burial in Ireland, to which the widow objected. The action was a writ of review in the Supreme Court to annul the judge's order. The Supreme Court annulled the order on the ground that where the will was silent as to decedent's wish to be buried in Ireland, the probate court had no jurisdiction to authorize the executor to dispose of the remains, that being the widow's right. (*Id.* at pp. 288, 290.) Health and Safety Code section 7100, subdivision (d) currently provides a different *substantive* rule, that a decedent's wishes should be followed even if they are expressed outside the will, but this does not detract from *O'Donnell's procedural* rule that the *probate* court has no jurisdiction if decedent's wishes are not contained in the will. As the court below held, appellant's remedy is a civil action in superior court (e.g., *Smith v. Vidovich, supra,* 242 Cal.App.2d 206) or a petition under Health and Safety Code section 7526, not a petition in probate.

## DISPOSITION

The orders are affirmed.

Epstein, J., and Baron, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 19, 1997.