[No. C061307. Third Dist. Nov. 30, 2010.]

LINDA A. BOBLITT, Plaintiff and Appellant, v.
STEVEN B. BOBLITT, Defendant and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION[*]]**

---

[*]Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication
with the exception of parts II and III of the Discussion.

604

## COUNSEL

William C. Dresser for Plaintiff and Appellant.

Steven B. Boblitt, in pro. per., for Defendant and Respondent.

## OPINION

**ROBIE, Acting P. J.**—In the proceeding to dissolve the marriage between Linda A. Boblitt and Steven B. Boblitt,[1] the family court judge considered Linda's claims that Steven had committed acts of domestic violence against her before and during the marriage (and during the dissolution proceeding) in determining whether to award Linda spousal support. (See Fam. Code, § 4320, subd. (i).) Subsequently, in this tort action for damages based on Steven's alleged domestic violence against Linda (see Civ. Code, § 1708.6 [recognizing tort of domestic violence]), the trial court concluded Steven was entitled to judgment on the pleadings because the judgment in the dissolution proceeding (which was then on appeal) precluded Linda from further litigating the domestic violence issues under the doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion).

---

[1] We will refer to the parties by their first names to avoid confusion.

We conclude the trial court erred in granting Steven's motion for judgment on the pleadings for two reasons. First, a judgment that is on appeal is not final for purposes of applying the doctrines of claim and issue preclusion. Second, a request for spousal support in a marital dissolution proceeding is not based on the same primary right as a tort action based on domestic violence and therefore a party is not necessarily precluded from seeking damages for alleged acts of domestic violence and also asking a family law court to consider those same acts of domestic violence in awarding spousal support.

Because this tort action for domestic violence was not precluded by the judgment in the dissolution proceeding, we will reverse the judgment in this action and remand the case with instructions to the trial court to deny Steven's motion for judgment on the pleadings.

## FACTUAL AND PROCEDURAL BACKGROUND

We take the following facts from Linda's first amended complaint and from documents in the dissolution proceeding that are subject to judicial notice.[2] (See Evid. Code, § 452, subd. (d).)

Linda and Steven began cohabiting in February 1983. His verbal abuse of her began that day. It later escalated to physical abuse. In December 1984, he broke her jaw. His physical and verbal abuse of her continued off and on for the next 23 years.

Meanwhile, in December 1989, the parties married. Eventually, Linda filed for dissolution of the marriage in January 2004. Even after that, however, Steven continued to verbally harass and physically abuse her, up through January 28, 2008.

In January 2007, Linda filed a statement of issues in the dissolution proceeding in which she described in some detail Steven's "long history of physical and emotional abuse" of her and asserted that her injuries from the abuse, both physical and psychological, had impaired her ability to work.

Just three days later, Linda commenced this action by filing a complaint for damages against Steven, alleging a cause of action for domestic violence and assault and battery, a cause of action for breach of fiduciary obligations, and

---

[2] " ' "A motion for judgment on the pleadings performs the same function as a general demurrer, and hence attacks only defects disclosed on the face of the pleadings or by matters that can be judicially noticed." ' [Citation.] Accordingly, '[w]e accept as true the complaint's factual allegations and give them a liberal construction.' " (*Nelson v. Superior Court* (2006) 144 Cal.App.4th 689, 692 [50 Cal.Rptr.3d 684].)

causes of action for negligent and intentional infliction of emotional distress. In March 2008, Linda filed her first amended complaint in the action; it contained the same causes of action as the original complaint.

In April 2008, a judgment on reserved issues was entered in the dissolution proceeding. In the statement of decision supporting that judgment, the family court judge (Judge James Mize) stated that "[i]n ordering spousal support" he had "considered all of the circumstances set forth in Family Code [section] 4320," which include "[d]ocumented evidence of any history of domestic violence, as defined in Section 6211, between the parties, including, but not limited to, consideration of emotional distress resulting from domestic violence perpetrated against the supported party by the supporting party, and consideration of any history of violence against the supporting party by the supported party." (Fam. Code, § 4320, subd. (i).)

Judge Mize also included a separate section in the statement of decision entitled "DOMESTIC VIOLENCE AND CREDIBILITY OF THE PARTIES," in which he described that "[o]ne of the principal questions at trial for the Court was the determination of whether there had been domestic violence and whether descriptions of domestic violence were truthful." The judge asserted that Linda "was permitted to testify as to every allegation of domestic violence up to the date of trial," which occurred in July 2007. It is not clear, however, whether, or to what extent, Judge Mize found domestic violence. He stated that some of Linda's "allegations of physical domestic violence . . . were simply not credible." In particular, he concluded that Linda's "allegations that she was sexually assaulted by [Steven] are simply unbelievable." But he also noted that Steven's "behavior during the marriage and post-separation could be described as intimidating" and that Steven "did and said some things that he should not be proud of or that were not appropriate." The judge explained that, to the extent Steven's behavior interfered with Linda's business, he was remedying that behavior "by making a spousal support award for [Linda] in the amount of $2,000.00 for eight months," with the reduction to zero at the end of that period conditioned on the parties having no contact with each other in the interim. Judge Mize asserted that Linda had "requested repayment for past medical bills, future medical bills, counseling and alleged pain and suffering," but he found "[n]o award to [Linda] other than the support ordered here is appropriate."

In July 2008, after an unsuccessful new trial motion, Linda appealed the judgment in the dissolution proceeding.[3]

---

[3] On our own motion, we take judicial notice of Linda's appeal in the dissolution proceeding (*In re Marriage of Boblitt* (Oct. 15, 2010, C059747) [nonpub. opn.]).

In late November or early December 2008, Steven moved for judgment on the pleadings in this action, asserting that "each and every claim (cause of action) alleged in the Amended Complaint w[as] or could have been tried in the [dissolution proceeding,] thus barring relitigation of the claims herein." As to the allegations of physical and verbal abuse, Steven asserted that the court in the dissolution proceeding "consider[ed] domestic violence in the context of seeking relief by way of spousal support." He also noted that the court in the dissolution proceeding had rejected Linda's request for "repayment for past medical bills, future medical bills, counseling and alleged pain and suffering."[4]

In opposing the motion, Linda argued that the judgment in the dissolution proceeding was "not a final judgment . . . on the merits," noting that the judgment was on appeal. She also argued her domestic violence cause of action was "not tried in the dissolution action."

The trial court (Judge Michael Virga) granted Steven's motion without leave to amend "on the grounds of res judicata or collateral estoppel,"[5] concluding Linda either raised, or could have raised, all of her claims against Steven in the dissolution proceeding. From the resulting judgment of dismissal, Linda timely appealed.

---

[4] In moving for judgment on the pleadings, Steven argued with respect to Linda's cause of action for breach of fiduciary obligations that Linda was seeking "relief based upon orders, facts, and the judgment from the [dissolution proceeding]." In granting Steven's motion, the trial court observed that "the same facts [involved in Linda's cause of action for breach of fiduciary obligations] were argued in the [dissolution] action" and "Judge Mize addressed all these issues in his Statement of Decision and judgment."

On appeal, Linda offers no argument relating to the trial court's ruling on her cause of action for breach of fiduciary obligations. Accordingly, our decision does not address that cause of action.

Linda's cause of action for negligent infliction of emotional distress was coextensive with her cause of action for breach of fiduciary obligations because it was based on "economic actions [Steven allegedly took] during the course of the parties' dissolution proceeding, many of which [we]re identified in the [cause of action for breach of fiduciary obligations]." In turn, Linda's cause of action for intentional infliction of emotion distress was coextensive with her cause of action for domestic violence and assault and battery because it was based on "[t]he intentional actions of [Steven]" that were alleged in the other causes of action.

Because Linda offers no argument on appeal specifically relating to her cause of action for negligent infliction of emotional distress and because that cause of action was based on the same allegations as her cause of action for breach of fiduciary obligations, which we do not address, we also do not address the cause of action for negligent infliction of emotional distress.

As for Linda's cause of action for intentional infliction of emotional distress, to the extent that cause of action was premised on the same allegations as her cause of action for domestic violence, our discussion regarding the latter cause of action applies with equal force to the former.

[5] Mistakenly, the court ruled it was "sustain[ing]" Steven's "demurrer."

## DISCUSSION

On appeal, Linda contends the trial court erred in granting Steven's motion for judgment on the pleadings because the judgment in the dissolution proceeding was not final and "[t]he dissolution proceeding did not encompass [Linda's] spousal abuse injury claims." We agree on both points.

### I

*Waiver*

First, however, we pause to address Steven's claim that Linda "has waived all of the arguments now presented to this Court as a result of not raising them before the trial court."

Steven acknowledges that Linda asserted in her papers in the trial court that the judgment in the dissolution proceeding was not final, but he claims she provided "no analysis as to why this might be important [and] no citation to any case that describes what a final judgment is." As to Linda's other argument, Steven contends it "appears nowhere in the underlying law suit. It simply cannot be found."

To the extent Steven complains that Linda raised one of her arguments in the trial court but did not support it with analysis or citation to authority, a similar complaint could be levied at Steven in this court, because while he asserts waiver based on Linda's alleged failure to raise in the trial court the arguments she now makes, he does not cite any case or other authority regarding the doctrine of waiver or supporting his assertion that a finding of waiver would be appropriate here. These omissions would justify us treating Steven's waiver argument as waived because " '[e]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.' " (*People v. Stanley* (1995) 10 Cal.4th 764, 793 [42 Cal.Rptr.2d 543, 897 P.2d 481].) " 'Contentions supported neither by argument nor by citation of authority are deemed to be without foundation, and to have been abandoned.' " (*Estate of Randall* (1924) 194 Cal. 725, 728–729 [230 P. 445].)

Despite the foregoing, we elect to consider all of the arguments before us, and doing so we find no merit in Steven's waiver argument. "[E]ven assuming the arguments [Linda now makes] were not tendered in the trial court, they present questions of law that do not turn on disputed facts . . . ,"

and we may thus consider them. (*Brunius v. Parrish* (2005) 132 Cal.App.4th 838, 849–850 [34 Cal.Rptr.3d 55].)

## II, III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## IV

*The Dissolution Proceeding Did Not Encompass Linda's*
*Cause of Action for Domestic Violence*

Rather than rely on the lack of finality of the dissolution proceeding alone to reverse the judgment of dismissal—given that the judgment in that proceeding may soon be final and this issue could arise again—we also address Linda's second argument, which is that the dissolution proceeding did not encompass her domestic abuse claims against Steven. Again, we agree.

■ " 'Res judicata' describes the preclusive effect of a final judgment on the merits. Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them. Collateral estoppel, or issue preclusion, 'precludes relitigation of issues argued and decided in prior proceedings.' [Citation.] Under the doctrine of res judicata, if a plaintiff prevails in an action, the cause is merged into the judgment and may not be asserted in a subsequent lawsuit; a judgment for the defendant serves as a bar to further litigation of the same cause of action." (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896–897 [123 Cal.Rptr.2d 432, 51 P.3d 297], fn. omitted.)

"For purposes of res judicata, California applies the primary right theory to define cause of action as: (1) a primary right possessed by the plaintiff, (2) a corresponding duty imposed upon the defendant, and (3) a wrong done by the defendant which is a breach of such primary right and duty. [Citations.] Thus, a single cause of action is based on the harm suffered, rather than on the particular legal theory asserted or relief sought by the plaintiff." (*Balasubramanian v. San Diego Community College Dist.* (2000) 80 Cal.App.4th 977, 991 [95 Cal.Rptr.2d 837].)

In the trial court, Steven argued that Linda's cause of action for domestic violence was premised on the breach of her primary right "to be free from domestic violence, assault and battery," and "this primary right ha[d] already

---

*See footnote, *ante*, page 603.

been litigated" in the dissolution proceeding. According to Steven, "It is of no moment what new or different legal theories or relief are sought. The 'primary right' is the same in both actions."

We have found little California case law that is helpful on the question of the claim preclusive effect of a judgment in a marital dissolution proceeding in a later tort action, but *Nicholson v. Fazeli* (2003) 113 Cal.App.4th 1091 [6 Cal.Rptr.3d 881] turns out to rest on reasoning that is persuasive here.

In *Nicholson*, the appellate court confronted (among other things) whether a "wife's malicious prosecution action [was] precluded by the family court's prior ruling on her motion for attorney's fees and costs" in her marital dissolution proceeding. (*Nicholson v. Fazeli, supra*, 113 Cal.App.4th at p. 1094.) The husband's trust had been joined as a party in the dissolution proceeding, and the wife had "filed a complaint against the Trust . . . seeking declaratory relief and imposition of a constructive trust" relating to certain property. (*Ibid.*) A "court order temporarily partially removed [the husband] as trustee of the Trust and replaced him with his sons . . . as trustees ad litem for the sole purpose of defending the Trust against [the wife]'s complaint. . . . [An] attorney for [the sons] filed a cross-complaint in the dissolution action against [the wife] and [the husband] seeking possession of [various property] alleged to be Trust property in [the wife]'s possession." (*Ibid.*) Ultimately, "the Trust voluntarily dismissed its cross-complaint without prejudice." (*Id.* at p. 1095.) The wife then "filed a motion in the dissolution action seeking attorney's fees and costs under Family Code sections 271 and 2030 from [the husband and his sons] and the Trust," "assert[ing] that [the husband and his sons], the Trust and [the attorney] had filed and prosecuted a frivolous cross-complaint out of spite." (*Ibid.*) "[T]he judge in the dissolution action awarded [the wife] $50,000 in attorney's fees and costs under Family Code sections 271 and 2030 against [the husband] and the Trust. The judge denied her request that [the sons] should be ordered to pay her fees and costs . . . ." (*Ibid.*)

The wife then "filed a malicious prosecution action against [the husband], [his sons] and [the attorney]," "alleg[ing] that the cross-complaint filed by [the attorney] on behalf of [the sons] against her and [the husband] had been procured by [the husband] and that they lacked probable cause for their allegations in the cross-complaint." (*Nicholson v. Fazeli, supra*, 113 Cal.App.4th at p. 1095.) The trial court ultimately granted the defendants' motion for judgment on the pleadings without leave to amend. (*Id.* at p. 1096.)

On the wife's appeal, the appellate court ultimately turned to the defendants' "claim that the res judicata effect of the family court's ruling on [the wife]'s request for attorney's fees and costs in the family law proceedings preclude[d] her from bringing an action for malicious prosecution." (*Nicholson v. Fazeli, supra*, 113 Cal.App.4th at p. 1096.) Noting the "primary right" theory used in California to define a cause of action, the appellate court concluded as follows: "Clearly the primary right intended to be vindicated by Family Code sections 271 and 2030 is the right of a party to a family law proceeding to an adequate opportunity to litigate, notwithstanding a disparity in the parties' income and assets. Indeed, [the wife] brought her motion while the dissolution action was still ongoing, and her need to litigate the dissolution issues continued to require her to pay for attorney's fees and costs. A malicious prosecution action, on the other hand, is brought to vindicate one's right to be free from malicious and unmeritorious litigation. The corresponding duties are also distinct. A party to a dissolution action has a duty, under Family Code section 2030, to provide funds for the party's adversary's litigation costs where the adversary's need and party's means justify such a provision. The duty imposed by Family Code section 271 requires a party to a dissolution action to be cooperative and work toward settlement of the litigation on pain of being required to share the party's adversary's litigation costs. The duty involved in a malicious prosecution action, on the other hand, is the obligation to refrain from maintaining a malicious and unmerited lawsuit. [¶] As both the primary rights and corresponding duties are different, [the wife]'s malicious prosecution action was not barred by the claim preclusion aspect of res judicata." (*Nicholson v. Fazeli, supra*, 113 Cal.App.4th at p. 1102.)

We find a similar reasoning persuasive here. A tort action like the present one is based on "the primary right to be free from personal injury" (no matter how many different tort theories may be alleged). (*Sawyer v. First City Financial Corp.* (1981) 124 Cal.App.3d 390, 399 [177 Cal.Rptr. 398].) "It is clearly established that '. . . there is but one cause of action for one personal injury [which is incurred] by reason of one wrongful act.' " (*Slater v. Blackwood* (1975) 15 Cal.3d 791, 795 [126 Cal.Rptr. 225, 543 P.2d 593].) There is no sound basis, however, for concluding that a claim for spousal support in a marital dissolution proceeding is also based on "the primary right to be free from personal injury," even if one of the circumstances the family court considers in adjudicating that claim is domestic violence between the parties.

The Family Code recognizes that a person has a right to spousal support from his or her former spouse under certain circumstances. Specifically, subdivision (a) of Family Code section 4330 provides that "[i]n a judgment

of dissolution of marriage or legal separation of the parties, the court may order a party to pay for the support of the other party an amount, for a period of time, that the court determines is just and reasonable, based on the standard of living established during the marriage, taking into consideration the circumstances as provided in Chapter 2 (commencing with Section 4320)." One of the many circumstances set forth in Family Code section 4320 is "[d]ocumented evidence of any history of domestic violence . . . between the parties." (Fam. Code, § 4320, subd. (i).)

■ In our view, this provision, which requires a family court to consider evidence of domestic violence in determining whether an award of spousal support is appropriate, and if so, how much support is just and reasonable, does not seek to vindicate the primary right to be free from personal injury, as a tort action for domestic violence does. Rather, subdivision (i) of Family Code section 4320 is just one of many provisions that exist to vindicate the primary right of a party in a marital dissolution (or legal separation) proceeding to obtain spousal support from the other party if the circumstances justify such support.

Because the same primary right does not underlie a request for spousal support in a marital dissolution proceeding and a tort action for damages, the doctrine of claim preclusion does not preclude a person from offering evidence of domestic violence in connection with a request for spousal support in a dissolution proceeding, then suing for damages for domestic violence, or vice versa. Accordingly, a judgment in a dissolution proceeding where claims of domestic violence were (or could have been) litigated with relation to a claim for spousal support does not preclude a later tort action for domestic violence.

■ This conclusion is not altered by the fact that in the dissolution proceeding Linda may have (as Judge Mize stated) "requested repayment for past medical bills, future medical bills, counseling and alleged pain and suffering," which Judge Mize declined to award her. "Given finite family law jurisdiction, a tort action claiming damages cannot be joined with or pleaded in a dissolution proceeding." (*Sosnick v. Sosnick* (1999) 71 Cal.App.4th 1335, 1339 [84 Cal.Rptr.2d 700].) Thus, Judge Mize had no power in the dissolution proceeding to award Linda damages for her "past medical bills, future medical bills, counseling and alleged pain and suffering," even if she did request them. And because Judge Mize had no power to award damages, his refusal to do so has no preclusive effect. (See *In re Keck* (1946) 75 Cal.App.2d 846, 849–850 [171 P.2d 933] [where the trial court "had no jurisdiction of the subject matter in the first proceeding," "it could not validly adjudicate any fact other than its lack of jurisdiction . . . and the attempted adjudication of

the merits . . . was void . . . . It cannot, therefore, be res judicata of any issue in the second action." (citations omitted)].)

Of course, a judgment in a dissolution proceeding where claims of domestic violence were, in fact, litigated still may have preclusive effect under the doctrine of *issue* preclusion, which " 'precludes relitigation of issues argued and decided in prior proceedings' " (*Mycogen Corp. v. Monsanto Co., supra,* 28 Cal.4th at p. 896), even if it does not have preclusive effect under the doctrine of *claim* preclusion. But here, the doctrine of issue preclusion did not justify judgment on the pleadings in favor of Steven. If there had been a final judgment in the dissolution proceeding when Steven moved for judgment on the pleadings, and if Steven had shown that all of the allegations of domestic violence on which Linda's current tort action is based were, in fact, litigated and decided against her in the dissolution proceeding, leaving nothing new for decision in this case, then it might have been proper to grant his motion. As it was, however, there *was* no final judgment in the dissolution proceeding when Steven moved for judgment on the pleadings. Moreover, Steven did not carry his burden (see *Vella v. Hudgins* (1977) 20 Cal.3d 251, 257 [142 Cal.Rptr. 414, 572 P.2d 28]) of showing that the parties litigated in the dissolution proceeding all of the allegations of domestic violence Linda seeks to raise in this case, or that Judge Mize resolved all of those allegations against her. Without the actual evidence introduced in the dissolution proceeding, which Steven did not put before the trial court or this court, Judge Mize's statement that Linda "was permitted to testify as to every allegation of domestic violence up to the date of trial" in July 2007 does not establish which incidents of domestic violence actually were litigated in the dissolution proceeding. Further, Judge Mize's statement of decision was not specific on whether he found domestic violence, or which alleged incidents of domestic violence he found were not proven because Linda was "not credible," as Judge Mize referred only generally to "[o]ther allegations of physical domestic violence." Under these circumstances, the doctrine of issue preclusion cannot support the judgment on the pleadings in favor of Steven.

■ Because the judgment in the dissolution proceeding did not preclude Linda from pursuing her tort action for domestic violence against Steven (or her cause of action for intentional infliction of emotional distress, to the extent that cause of action was based on the same allegations as the domestic violence cause of action), the trial court erred in granting Steven's motion for judgment on the pleadings.

## DISPOSITION

The judgment of dismissal is reversed, and the case is remanded to the trial court with directions to vacate the order granting the motion for judgment on the pleadings and enter a new order denying that motion. Linda shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

Butz, J., and Mauro, J., concurred.