Filed 5/21/15  Daire v. Selene Finance CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| EDMOUND DAIRE, | B255107 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC458702) |
| v. | |
| SELENE FINANCE, L.P., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Mel Red Recana, Judge.  Affirmed.

Edmound Daire, in pro. per., for Plaintiff and Appellant.

Rosenthal Withem Zeff & Nahmi, Michael D. Zeff and Michael L. Withem;

Carlson Law Group, Mark C. Carlson, Stuart T. Miller for Defendants and Respondents.

Plaintiff Edmound Daire appeals the dismissal of his complaint against defendants Selene Finance, L.P. ("Selene"), Gadish Properties, Inc., and others following defendants' successful demurrers to plaintiff's third amended complaint. Finding no error, we affirm the judgment of dismissal.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff claimed a five percent ownership interest in the real property located at 5227 South Wilton Place in Los Angeles (the "property"). As reflected on a Notice of Grant Deed filed in the trial court, plaintiff's interest in the property had been deeded to him as a gift by Desiree Gill on or about October 11, 2010.[1]

In May 2007, Gill executed a deed of trust in favor of EquiFirst Corporation as lender, Commerce Title Company as Trustee, and MERS as Beneficiary acting solely as a nominee for the lender and its successors and assigns. In October 2008, defendant Selene recorded a notice of default in the Los Angeles County Recorder's Office. In February 2011, Selene recorded an assignment of deed of trust which had been signed by its vice president, Daniel Smith, ten months earlier, in April 2010. As plaintiff points out, the assignment of deed of trust was not signed, endorsed, or ratified by either the lender or the beneficiary under the deed of trust. From this fact plaintiff alleged: "Clearly, this document is a complete and total **fake, fraud, phony forged document** within any meaning of any law that describes **fraud or forgery**. One need only review the document and it clearly shows that Defendant Selene **without authorization from the original lender (EquiFirst) and/or MERS**, attempts to convey the Note and the DOT from Defendants EquiFirst and/or 'MERS' to [Selene]."

Defendants demurred to the third amended complaint on multiple grounds, including the res judicata effect of a prior lawsuit filed in federal court by Desiree Gill which adjudicated identical claims adversely to Gill and thus, derivatively, adversely to

---

[1] The grant deed was neither notarized nor recorded in the official records of Los Angeles County, and was executed two years after nonjudicial foreclosure proceedings against the property had commenced.

2

plaintiff herein. The trial court sustained the demurrers in their entirety, stating with reference to plaintiff's third cause of action to void or cancel the assignment of deed of trust, that "there are no facts which would support any claim that this foreclosure proceeding was invalid. . . . The allegations are conclusory. The loan was in default and the loan servicer and beneficiary were entitled to commence foreclosure proceedings on the property pursuant to the deed of trust." The court entered a judgment of dismissal.

Plaintiff timely appealed the judgment.


DISCUSSION

"A demurrer tests the legal sufficiency of the factual allegations in a complaint. We independently review the sustaining of a demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.) We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) We construe the pleading in a reasonable manner and read the allegations in context. (*Ibid.*) We must affirm the judgment if the sustaining of a general demurrer was proper on any of the grounds stated in the demurrer, regardless of the trial court's stated reasons. (*Aubry v. Tri–City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)" (*Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 81 (*Siliga*).)

Plaintiff's appeal is addressed solely to the trial court's order sustaining defendants' demurrer to his "third cause of action to void or cancel assignment of deed of trust,"[2] which states: "95. The **ASSIGNMENT** of the **DEED OF TRUST** is in fact,

---

[2]     Plaintiff's briefs on appeal present no argument and cite no authority with respect to his claims against Gadish Properties, Inc. We therefore deem abandoned the appeal of the judgment in favor of this defendant. (See e.g., *Boblitt v. Boblitt* (2010) 190 Cal.App.4th 603, 609 ["Contentions supported neither by argument nor by citation of authority are deemed to be without foundation, and to have been abandoned."]; *Bonadiman-McCain, Inc. v. Snow* (1960) 183 Cal.App.2d 58, 65 ["Inasmuch as

3

invalid and void, and of no force and effect, for the reasons set forth above and below including, inter alia, the fact that Defendant Selene did not have standing or the legal authority to assign the deed of trust to itself, an assignment [] which purportedly secured the Note, and which served as the basis for a claim to have the right to conduct a non-judicial foreclosure.  Thus, the assignment of the deed of trust was at all times void.  [¶] 96.  Plaintiff is therefore entitled to an Order of The Court that the Assignment of the Deed of Trust is void ab initio and canceling such Assignment."

The elements of a claim for wrongful foreclosure are:  "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering."  (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 104; see also *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272 [discussing the general requirement that irregularities in the foreclosure process be prejudicial to the plaintiff's interest]; *Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1507 [discussing prejudice requirement].)

The factual underpinnings of plaintiff's wrongful foreclosure complaint were that the assignment of deed of trust was not executed by the proper party, so that defendants had no authority to initiate and complete the nonjudicial foreclosure.  We agree with the trial court that the allegations of the complaint do not state a cause of action.

The exhaustive nature of California's nonjudicial foreclosure scheme prohibits the introduction of additional requirements challenging the authority of the lender's nominee to initiate nonjudicial foreclosure.  (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192

---

arguments in the briefs appear limited to that part of the judgment dealing with the final tract (16686), the appeal from other parts may be deemed abandoned."].)  Consequently, we do not consider the res judicata effect of the final judgment entered against the property owner, Desiree Gill.

Cal.App.4th 1149, 1154.) Consequently, California cases hold that in post-foreclosure actions, a borrower lacks standing to challenge an assignment of deed of trust absent a showing of prejudice. (*Siliga, supra,* 219 Cal.App.4th at pp. 84-85; *Herrera v. Federal National Mortgage Assn., supra,* 205 Cal.App.4th at p. 1507; *Fontenot v. Wells Fargo Bank, N.A., supra,* 198 Cal.App.4th at p. 271.) As the *Siliga* court stated: "[T]he Siligas fail to allege any facts showing that they suffered prejudice as a result of any lack of authority of the parties participating in the foreclosure process. The Siligas do not dispute that they are in default under the note. The assignment of the deed of trust and the note did not change the Siligas' obligations under the note, and there is no reason to believe that Accredited as the original lender would have refrained from foreclosure in these circumstances. Absent any prejudice, the Siligas have no standing to complain about any alleged lack of authority or defective assignment." (*Siliga, supra,* at p. 85.)

Here, the third amended complaint includes no allegation that the purportedly improper assignment of deed of trust caused plaintiff cognizable harm, nor does he suggest that he could amend the complaint to remedy this defect. As was true of the plaintiffs in *Siliga, supra,* 219 Cal.App.4th at p. 85, plaintiff does not dispute that the note was in default; the assignment of deed of trust did not change the borrower's obligations under the note; and in the circumstances of this case, the lender would have no reason not to proceed with foreclosure. Thus, plaintiff has no standing to challenge the validity of the assignment of deed of trust.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



GOODMAN, J.[*]

I concur:


TURNER, P.J.

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6

MOSK, J., Concurring

I concur.

Based on the existing authorities, I concur. I continue to wonder how if the deed of trust is not properly assigned, the purported assignee can initiate valid foreclosure proceedings.


MOSK, J.