Filed 3/8/23  Marriage of Dolkhani & Izadpanahi CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| In re Marriage of NAHID H. DOLKHANI and KOUROSH IZADPANAHI. | B317763 |
| | (Los Angeles County Super. Ct. No. 18CHFL02540) |
| NAHID H. DOLKHANI, Respondent, v. KOUROSH IZADPANAHI, Appellant. | |

APPEAL from an order of the Superior Court of
Los Angeles County, Sarah Heidel, Judge.  Affirmed as modified.

Kourosh Izadpanahi, in pro. per., for Appellant.

Ferguson Case Orr Patterson and Wendy C. Lascher for Respondent.

_____

The family court ordered Kourosh Izadpanahi to pay $11,605 in sanctions pursuant to Family Code section 271 (section 271) to counsel for his former wife, Nahid Dolkhani, based on Izadpanahi's failure to cooperate in the preparation of a proposed judgment resolving property issues in Dolkhani and Izadpanahi's dissolution action. Although the court did not abuse its discretion in awarding section 271 sanctions, the court's finding supports an award of only $6,605 for fees tethered to the misconduct it identified. We reduce the sanctions award to that amount and affirm the order as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The July 7, 2021 Order To Prepare a Proposed Judgment and Ultimate Entry of the Judgment*

As described in our opinion in Izadpanahi's prior appeal (*Dolkhani v. Izadpanahi* (Jan. 20, 2023, B314257) [nonpub. opn.]), in 2017 Dolkhani and Izadpanahi resolved outstanding issues in their long-pending family law case through a stipulated judgment. Before the stipulated judgment was entered, however, the couple tried to reconcile; and the action was dismissed without prejudice. In 2018 Dolkhani filed a new dissolution petition and a request for order to enforce the terms of the parties' stipulated judgment. Izadpanahi opposed the request.

On July 7, 2021 the family court held a short cause trial on the issue whether judgment could be entered based on the parties' 2017 stipulated judgment. Izadpanahi and Dolkhani were each represented by counsel. The court ruled the stipulated judgment was still binding and directed Dolkhani to submit a

2

proposed judgment to Izadpanahi for review and thereafter to submit it to the court for entry.

The judgment was ultimately entered on September 30, 2021. The interaction between Izadpanahi, who represented himself for most of the period after the July 7, 2021 trial, and Dolkhani's counsel leading to entry of the judgment was the basis for the court's sanctions award.

Two days after the July 7, 2021 hearing, Steven L. Weiss, Dolkhani's attorney, sent Izadpanahi and the attorney who had represented him at the hearing a judgment package. According to Weiss's declaration filed in support of the motion for sanctions, he received no response to the package or any of his follow-up emails. Accordingly, in mid-August 2021 Weiss submitted two declarations—one pursuant to California Rules of Court, rule 5.125 (preparation, service, and submission of order after hearing); and the second pursuant to rule 3.1590 (announcement of tentative decision, statement of decision, and judgment)— summarizing the status of the matter and asking the court to enter judgment. The declarations contained an unsigned copy of the judgment as an exhibit. The court took no action in response to those filings.

For his part, Izadpanahi acknowledged that Weiss sent him the judgment package following the July 7, 2021 hearing. After 10 days Weiss emailed Izadpanahi and advised him, because Izadpanahi had not responded within the required time, he had lost the opportunity to object to the form of the proposed judgment and Weiss would proceed. Izadpanahi confirmed Weiss was correct and, he asserted, assumed Weiss would then submit the judgment to the court. According to Izadpanahi, the summary declarations filed thereafter by Weiss did not include

3

the proposed judgment, but Izadpanahi believed from his continuing email exchanges with Weiss that Weiss had submitted it. That, according to Izadpanahi, turned out not to be the case.

On September 3, 2021 Izadpanahi filed a request for a temporary emergency order to have the judgment entered.[1] The court denied the request for order, explaining, "If the parties wish to have the court sign a judgment, they are directed to submit it, signed, with all requested documents and paperwork, to the court for processing. If there is no signature from [one] party, please submit a proof of service indicating whether it has been served [and] if there are objections." Weiss then sent a second judgment package to Izadpanahi for him to sign and return for Dolkhani to sign and have Weiss file with the court. Instead, Izadpanahi signed and submitted it to the court on his own on September 7, 2021. The court then entered the judgment.

2. *The Section 271 Sanctions Motions*

a. *The initial request*

On August 19, 2021 Izadpanahi filed a request for order relating to child custody and visitation[2] and on August 23, 2021 a related request for a child custody evaluation. In Weiss's response on behalf of Dolkhani, he requested section 271

---

[1] Following the July 7, 2021 trial, Izadpanahi immediately filed a notice of appeal. On September 1, 2021 he was notified by this court that the case information statement filed on August 30, 2021 for the appeal was deficient because it did not attach a copy of a signed judgment. Izadpanahi included that notice as an exhibit to his declaration in support of the request for an order entering the judgment.

[2] Dolkhani and Izadpanahi have a daughter. Izadpanahi was seeking 50/50 custody.

4

sanctions of $75,000 based on Izadpanahi's purported misconduct throughout the entire course of the case.

At a hearing on October 7, 2021 the family court denied both of Izadpanahi's requests regarding custody and visitation. Turning to the question of section 271 sanctions, the court noted that Dolkhani's request covered the entire proceeding and inquired of Weiss, "What were the costs that were incurred just trying to get this judgment entered because that's the part that I think—that's the portion of this that I think was—really abused the litigation process?"  The court commented whether the 2017 stipulated judgment remained enforceable was a legitimate legal dispute for which sanctions should not be awarded, as were the issues raised by Izadpanahi concerning custody and visitation. Weiss responded that he could not answer that question without reviewing his firm's invoices.  The court denied the motion for sanctions without prejudice, observing it had "never had a more confusing way of having a judgment submitted when both parties wanted it signed."  The court continued, "I do believe, Mr. Izadpanahi, that was largely because you were uncooperative" and authorized Weiss to "put that in a declaration with a request for 271 sanctions, if he wants to."[3]

b. *The October 20, 2021 motion*

Notwithstanding the court's direction to limit a renewed section 271 motion to fees and costs related to the process by which judgment had been entered, on October 20, 2021 Weiss

---

[3]    The court directed Weiss to prepare findings and order after hearing with respect to custody and visitation.  Weiss asked if he could include in the findings the court's comments about Izadpanahi being uncooperative.  The court responded, "That's not a formal finding."

filed a new motion on behalf of Dolkhani for section 271 sanctions that again requested an award of $75,000, but added, "or other such amount's [*sic*] this court deems just and proper." Weiss's declaration in support of the award described Izadpanahi's lack of cooperation during discovery, trial preparation, settlement discussions and the July 7, 2021 trial itself. After July 7, 2021, Weiss declared, he spent at least $5,030 in attorney time in July and August drafting the proposed judgment, trying to correspond with Izadpanahi and his counsel about the judgment and preparing the two declarations he filed,[4] as well as $675 in fees responding to Izadpanahi's September ex parte application for entry of the judgment. In addition, responding to Izadpanahi's two requests for orders relating to custody and visitation following the July 7, 2021 hearing, including appearing at the October 7, 2021 hearing, cost his client another $5,000.

In his response filed on December 2, 2021 Izadpanahi, once again represented by counsel, argued he had acted in good faith in attempting to have the judgment entered, based on his attempts to understand the process and procedures as (at the time) a self-represented litigant. His declaration set out the pertinent chronology from his perspective and explained his actions. He also attached an income and expense declaration (Judicial Council form FL-150), dated December 1, 2021, showing for the prior month an income of $11,741 but asserting an average monthly income of only $2,730, with average monthly expenses of $4,075, and assets totaling $71,000 ($21,000 in a checking account; $50,000 in real estate equity).

---

[4]    The $5,030 aggregate sum included fees for addressing issues relating to Izadpanahi's filing of the notice of appeal before entry of the judgment.

In a reply declaration Weiss challenged Izadpanahi's financial information, including, for example, stating that in the judgment entered on September 30, 2021, signed by Izadpanahi on September 6, 2021, Izadpanahi averred his average monthly income was $7,000.

At the hearing on the motion on December 15, 2021, the court expressed concern that Dolkhani had again requested sanctions of $75,000 and asked Weiss, "What are the fees associated with the back and forth regarding the judgment, specifically?" Weiss initially answered $29,250. Then, looking at his declaration and invoices attached as exhibits, he responded the time related to that matter, not including the current hearing, was $10,705.

After hearing further argument concerning Izadpanahi's conduct with respect to entry of the judgment and briefly concerning his ability to pay, the court awarded $10,705 in sanctions plus $900 (two hours at $450 per hour) for Weiss's time at the hearing. In explaining its ruling, the court noted Weiss's $75,000 request covered "more than just the judgment issue" and stated it was "limiting the scope of the court's order today" to that matter. In that regard, the court found Izadpanahi's declaration explaining why he proceeded with the judgment as he did to be neither credible nor compelling. The court continued, "The reality is he frustrated the resolution of a very straightforward issue by refusing to cooperate. And that's what 271 sanctions are for." The court then pointed out that Izadpanahi's income and expense declaration showed assets of $71,000, a prior month's income of $11,741, but "for some reason, there's an average monthly that's much, much less than that," and concluded, "it's clear to me there's sufficient money for some sort of sanction."

7

Izadpanahi filed a timely notice of appeal.

## DISCUSSION

1. *Governing Law and Standard of Review*

Section 271, subdivision (a), provides, "Notwithstanding any other provision of this code, the court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney's fees and costs pursuant to this section is in the nature of a sanction." (See *Boblitt v. Boblitt* (2010) 190 Cal.App.4th 603, 612 ["[t]he duty imposed by . . . section 271 requires a party to a dissolution action to be cooperative and work toward settlement of the litigation on pain of being required to share the party's adversary's litigation costs"].) An award of fees as a sanction under this section does not require any showing of need or actual injury. (§ 271, subd. (a); see *In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470, 1478-1479.) However, the court is prohibited from making an award that "imposes an unreasonable financial burden on the party against whom the sanction is imposed." (§ 271, subd. (a); see *In re Marriage of Pearson* (2018) 21 Cal.App.5th 218, 233.)

We review the award of sanctions under section 271 for an abuse of discretion. (*Menezes v. McDaniel* (2019) 44 Cal.App.5th 340, 347; *In re E.M.* (2014) 228 Cal.App.4th 828, 850.) Findings of fact that formed the basis for the award are reviewed for substantial evidence. (*Menezes*, at p. 347; *In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1226; *In re Marriage of Feldman*, *supra*, 153 Cal.App.4th at p. 1479.) The imposition of section 271 sanctions will be upheld on appeal unless,

8

"'considering all of the evidence viewed most favorably in its support and indulging all reasonable inferences in its favor, no judge could reasonably make the order.'" (*In re E.M.*, at p. 850; accord, *Menezes*, at p. 347.)

### 2. *A Section 271 Sanction Award Was Within the Family Court's Broad Discretion*

Izadpanahi, Dolkhani's counsel and the family court all agreed the process of moving from the court's July 7, 2021 ruling that the 2017 stipulated judgment was enforceable to entry of the judgment incorporating that document on September 30, 2021 became unnecessarily complicated and time-consuming. Izadpanahi contended he was doing his best as a self-represented litigant. Weiss asserted Izadpanahi had acted in bad faith and was being deliberately uncooperative, arguing Izadpanahi apparently had no objection to the form of the judgment prepared by Weiss since he ultimately submitted it to the court on his own, yet refused to sign the judgment package and return it to Weiss as requested or even to notify Weiss that he had no objections. The court credited Weiss's narrative, disbelieving Izadpanahi's. As such, it was well within the court's discretion to award sanctions pursuant to section 271 for Izadpanahi's misconduct.

Similarly, faced with conflicting evidence regarding Izadpanahi's monthly income and ability to pay a sanctions award without imposing an unreasonable financial burden, the court's finding that Izadpanahi could afford the sanctions awarded was not an abuse of discretion.

### 3. *The Family Court Abused Its Discretion in Awarding Section 271 Sanctions of $5,000 for Opposing Izadpanahi's Requests for Custody and Visitation Orders*

The family court repeatedly stated—at both the October 7 and the December 15, 2021 hearings—it would consider imposition of section 271 sanctions only for Izadpanahi's lack of cooperation in connection with entry of the judgment. Asked point blank on December 15 what the fees were "associated with the back and forth regarding the judgment, specifically," Weiss, after first responding with a highly inflated figure of nearly $30,000, stated $10,705, which was the amount the court then awarded (plus $900 for two hours at the hearing that day).

But Weiss's declaration in support of the motion for sanctions makes clear his $10,705 answer included $5,000 for opposing Izadpanahi's two post-July 7, 2021 attempts to modify the custody and visitation orders, matters not within the intended scope of the court's sanction award. As discussed, Weiss spent $5,030 in attorney time on judgment-related issues in July and August 2021 and an additional $675 in fees responding to Izadpanahi's ex parte application for entry of the judgment. An implied finding that Dolkhani incurred more than that amount in fees related to the entry of judgment ($5,705, plus $900) is not supported by substantial evidence. And imposition of a section 271 sanction for the posttrial requests for custody and visitation orders without a finding that Izadpanahi was unduly uncooperative would constitute an abuse of the family court's discretion. Accordingly, the $11,605 in sanctions awarded must be reduced to $6,605.

## DISPOSITION

The amount of sanctions awarded is reduced to $6,605. The order for sanctions is affirmed as modified.  The parties are to bear their own costs on appeal.


PERLUSS, P. J.

We concur.


SEGAL, J.


FEUER, J.